UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**GREG BURNELL,**

                             Petitioner,

      v.                                       1:06-CR-00497-TJM
                                               1:09-CV-00375-TJM

**UNITED STATES OF AMERICA**

                             Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### **DECISION and ORDER**

Petitioner moves pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. In support of his motion, Petitioner advances the following grounds: (1) the Court violated his due process rights because it based his sentence on materially false information; (2) Petitioner was not afforded the opportunity to contest the information used by the Court at sentencing; (3) Petitioner's counsel was ineffective because he did not challenge the viability of the sentencing guidelines; and (4) sentencing counsel was ineffective because he did not present scientific studies showing that viewers of child pornography are a low risk to recidivate. Petitioner also asserts that his waiver of direct appeal and collateral attack in the plea agreement was improper and invalid.

**I.**      **BACKGROUND**

On July 17, 2007, Petitioner pled guilty to both counts of a two-count Superseding Information, specifically, possession of child pornography in violation of 18 U.S.C. §§

2252A(9a)(5), (b)(2) and 2256(8)(A). Petitioner also acknowledged that he destroyed a tangible object (here, a company-issued laptop computer) in a federal investigation in violation of 18 U.S.C. § 1519.  No appeal was taken from the judgment of conviction.  On March 3, 2009, Petitioner filed this motion to vacate under 28 U.S.C. § 2255.

## II.    STANDARD OF REVIEW

Under U.S.C. § 2255, a prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence only if he asserts "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  "In this collateral attack upon his conviction, petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief."  United States. v. Gallo-Lopez, 931 F. Supp. 146, 148 (N.D.N.Y. 1996); Parsons v. United States, 919 F. Supp. 86, 88-89 (N.D.N.Y. 1996).  "If, upon the Court's review of the record, moving papers, and any attached exhibits and affidavits, 'it plainly appears ... that the movant is not entitled to relief', the Court may summarily dismiss petitioner's motion."  Id. (citing Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code).

"Where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom."  Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993)(overruled on other grounds Massaro v. United States, 538 U.S. 500, 509 (2003))(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). "One way for a § 2255

petitioner to satisfy both the cause and prejudice requirements is to prove that he received ineffective assistance of counsel." Gallo-Lopez, 931 F. Supp. at 148; Murray v. Carrier, 477 U.S. (1986). A waiver of an appeal provision in a plea agreement generally does not constitute "cause" for failing to take a direct appeal. See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001); United States v. Pipitone, 67 F.3d 34 (2d Cir. 1995). Where, as here, there is a guilty plea, the Supreme Court has noted that "habeas review is an extraordinary remedy and will not be allowed to do service for an appeal. Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based upon guilty pleas." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998).

## III.  DISCUSSION

In the instant case, Petitioner waived his right of direct appeal and collateral attack in his plea agreement. If Petitioner's waiver of appeal is valid then he is procedurally barred from raising his due process claims through a § 2255 motion. Petitioner's motion requires an inquiry into whether the plea agreement at issue was constitutionally valid.

### a.  WHETHER PETITIONER WAIVED HIS RIGHT OF COLLATERAL ATTACK

There is no general bar to a waiver of appeal or collateral attack rights in a plea agreement. Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir. 2002). "However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement." Id. "'[W]aivers of the right to appeal a sentence, like waivers of constitutional rights, are invalid unless they are voluntary and knowing.'" United States v. Monzon, 359 F.3d 110, 116 (2d Cir.

2004) (quoting United States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996)). "Thus, a defendant's promise in a plea agreement to forgo the right to appeal a sentence is not enforceable unless 'the record "clearly demonstrates" that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary.'" Monzon, 359 F.3d at 116 (quoting Ready, 82 F.3d at 557). "Where the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." Monzon, 359 F.3d at 117.

"To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary . . . because 'the advice he received from counsel was not within acceptable standards.'" Id; see Parisi, 529 F.3d at 138 (quoting United States v. Torres, 129 F.3d 710, 715-16 (2d Cir. 1997)). "In challenging the ineffectiveness of counsel in connection with a plea agreement, a defendant is challenging 'the constitutionality of the process by which he waived [his right to appeal].'" Parisi, 529 F.3d at 138 (quoting United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001)).

> Everything that occurs prior to a guilty plea or entry into a plea agreement informs the defendant's decision to accept or reject the agreement. An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel. Thus, although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does.

Parisi, 529 F.3d at 138-39 (internal quotation and citations omitted).

Thus, whether the waiver in the plea agreement is enforceable "turns on 'whether the ineffective assistance tainted the voluntariness of the plea or the waiver agreement itself.'" United States v. Cockerham, 237 F.3d 1179, 1184 (10th Cir. 2001) (quoting United States v.

Vasquez, 194 F.3d 1321 (10th Cir. 1999)); see United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) ("We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.").

Here, Petitioner alleges that his counsel was ineffective in advising him to waive the right to appeal and collateral attack and, therefore, his entry into the plea agreement was unknowing. Petitioner alleges ineffective counsel because habeas corpus law is complex and his attorney failed to explain the implications of a waiver. Petitioner also cites his substance abuse as a factor which prevented him from understanding counsel's advice.

As noted, an appeal waiver is enforceable if it was entered into knowingly, voluntarily and competently. United States v. Gomez-Perez, 215 F.3d 315, 319-21 (2d Cir. 2000); see United States v. Liriano-Blanco, 510 F.3d 168, 172 (2d Cir. 2007); Frederick, 308 F.3d at 195. Petitioner has failed to demonstrate sufficient facts demonstrating that his waiver was not knowing and voluntary. The plea agreement was a bargained for exchange. (Petitioner's Reply Aff. 13). Notwithstanding Petitioner's lack of a legal education, he was a successful businessman. The Court has no reason to doubt that Petitioner had the acumen to understand the plain language of the plea agreement that, in exchange for certain benefits, he was giving up some of his rights, including waiving post conviction relief should he be sentenced to less than 121 months. Indeed, at the plea hearing, the Court specifically inquired whether Petitioner had discussed the charges against him with his counsel and whether he knowingly and voluntarily waived his right to appeal and/or collaterally attack his conviction. The following exchange occurred at the plea proceeding:

> THE COURT: Did you talk [the plea agreement] over with counsel before you signed it?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Did they explain it to you?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you understand it when you signed it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you sign it voluntarily?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. In your plea agreement paragraph 13, you've informed the Court that after consultation with your counsel that your counsel and you have decided that it's in your best interest to give up or waive certain appeal rights and those rights in this case happen to be the waiver of the right to appeal or collaterally attack the conviction arising out of your plea today of any sentence of 121 months or less while retaining to yourself the right to appeal a higher sentence. So, did you understand what you were doing when you agreed to give up those appeal rights?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Did you do that voluntarily?
>
> THE DEFENDANT: Yes, sir.

Through this exchange, Petitioner clearly stated under oath that his counsel explained the charges, that he understood the charges, that he understood the consequences of his plea, and that he understood that he was forfeiting his right to appeal and collaterally attack his conviction. Petitioner also informed the Court that he was not under the influence of any drugs thereby precluding any argument now that his decision to enter into the plea agreement was influenced by drug use. The Court accepted appellant's guilty plea, finding it to be knowing and voluntary and there was nothing before it then or now suggesting otherwise.

The next question is whether Petitioner received the ineffective assistance of counsel in deciding whether to enter into the plea agreement that contains the waivers at issue here. To advance an ineffective assistance of counsel claim in the context of a plea, the defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). "To satisfy the second prong ... in the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." Id; see also Strickland v. Washington, 466 U.S. 668 (1984) (A defendant must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial); Mayo v. Henderson, 13 F.3d 528, 533-34 (2d Cir.1994) (Petitioner has the burden of demonstrating that counsel failed to raise "significant and obvious issues" which if raised, would likely have been successful). For the following reasons, the Court finds that Petitioner has failed to sustain his burden of proof that his counsel did not provide effective assistance of counsel in connection with the decision to accept the plea agreement.

Petitioner first contends that defense counsel acted ineffectively because "when confronted with the situation of having to review and explain a plea agreement that contains a waiver provision like that here, defense counsel is effectively compelled to render advice concerning the quality of his own representation and/or the waiver of future claims related thereto." Petitioner contends that this is an ethical dilemma. Any such dilemma is obviated by the fact that, as previously explained, notwithstanding any waivers in a plea agreement, a defendant is free to challenge whether he received the effective assistance of counsel in making

the decision to enter into the plea agreement and, therefore, waive any rights of appeal or collateral attack.

Petitioner next contends that his counsel did not sufficiently explain what it meant to be giving up his right to appeal or collateral attack. This contention is directly refuted by the above-quoted exchange between the Court and Petitioner and the language of the plea agreement. The plea agreement is sufficiently clear to alert a person of ordinary intelligence that he is giving up the right to appeal and collaterally attack the conviction. See United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). Indeed, in the plea agreement, Petitioner admits that: (1) after consultation with defense counsel, he fully [understood] the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case; and (2) that he waives his rights to appeal and collaterally attack his conviction. Thus, on two separate occasions (through the plea agreement and at the plea colloquy), Petitioner admitted (at least one of which was under oath) that his counsel did explain to him his rights of appeal and collateral attack, that he understood what he was doing when he agreed to give up those rights, and that he voluntarily gave up those rights.

Petitioner's affidavit submitted in connection with his Petition is insufficient to demonstrate the ineffective assistance of counsel. In his affidavit, Petitioner concedes that defense counsel traveled to Petitioner's home "for the express purpose of reviewing the plea agreement. . . .;" that Petitioner does "not recall much discussion about the specifics of the agreement;" that he does "not remember discussing [the paragraph containing the waiver] . . . in any detail;" and that he "understood that [he] could not appeal if [his] sentence was 121 months or less." The affidavit of Petitioner's wife confirms that defense counsel traveled to Petitioner's home to review the plea agreement and that "the plea agreement was reviewed

page-by-page." The affidavit of Petitioner's sister similarly supports the conclusion that defense counsel took the time to fully explain the plea agreement with Petitioner. See Cynthia Burnell Aff. at ¶. 7 ("One of my impressions from that meeting was Mr. Barr wanting to review the plea agreement . . . and to make sure Greg understood the terms."). While Petitioner contends that he "did not understand fully what an appeal might entail or what issues [he] could possibly raise through an appeal" and that he "did not appreciate or begin to understand the meaning of the collateral attack provision," this contradicts his statements in court. Further, Petitioner admits that many factors compelled him to plead guilty. These factors included: (1) accepting responsibility for his actions; (2) what a trial and any publicity would mean for his daughter, family members and company employees; and (3) the beneficial sentence he could receive, including avoiding a high mandatory minimum sentence. Indeed, upon reading the instant Petition together with the supporting papers, the heart of Petitioner's claim pertains to the ultimate sentence imposed and the effectiveness of his attorney in advocating for a lower sentence, and not upon the effectiveness of counsel in advising Petitioner to accept the guilty plea.

Petitioner's signature on the plea agreement and his statements during the plea colloquy carry "such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." The Court finds that Petitioner has not presented sufficient facts warranting a hearing on the issue. Juncal, 245 F.3d at 171; see also United States v. Maher, 108 F.3d 1513, 1529 (2d Cir. 1997) (the District Court need not hold a hearing if the petitioner's allegations merely contradict his earlier statements made under oath at his plea allocution.); see also United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992) ("The fact that a defendant has a change of heart prompted by

his reevaluation of . . . the penalty that [was] imposed is not a sufficient reason to permit withdrawal of a plea. . . . A defendant is not entitled to an evidentiary hearing as a matter of right . . . the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing. No hearing need to granted when the allegations . . . merely contradict the record, are inherently incredible, or are simply conclusory.").

Petitioner alleges no other constitutional deficiencies in the procedure leading to the plea agreement. Accordingly, for the foregoing reasons, there is no basis on which to conclude that Petitioner did not enter into the plea agreement knowingly, voluntarily, and intelligently, or that there were any infirmities in the process leading up to the plea agreement. Because Petitioner's sentence did not exceed 120 months, he waived his right to collaterally attack or appeal his sentence.

### b. INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING

Petitioner contends that his counsel was ineffective at sentencing. "[W]ith respect to claims of ineffective assistance of counsel [concerning] . . . post-plea events (e.g., sentencing) . . . the waiver remains enforceable." Marulanda v. United States, 2009 WL 1546315 at *2 E.D.N.Y (Jun. 2 2009); accord, Garcia-Santos v. United States, 273 F.3d at 508-09 (2d Cir. 2001); Concepcion-Baez v. United States, No. 02-5287, 2009 U.S. Dist. WL 765045 at *1 (E.D.N.Y. Mar. 23, 2009) ("a valid waiver will be upheld against a challenge to the correctness of a sentence."); Okupe v. United States, No. 08-693, 2009 U.S. Dist. WL 455289 at *2 (E.D.N.Y. Feb. 23, 2009); Castellanos v. United States, 2008 U.S. Dist. WL 4548916 at *3, 5

(S.D.N.Y. Oct. 8, 2009)¹. Petitioner's claims regarding post-plea events are barred because he knowingly and voluntarily waived his right to collaterally attack.

Assuming, *arguendo*, Petitioner's claims are not barred, they are, nonetheless, without merit. Petitioner claims that his sentencing attorney failed to advocate "fully and completely" for him because he (1) failed to appeal the claim that Petitioner's due process right were violated by the Court's findings mentioned at sentencing; (2) failed to adequately challenge the viability of the child pornography guidelines and to adequately present Petitioner's risk of recidivism as low; and (3) failed to adequately argue Petitioner's unique personal issues.

As noted, a criminal defendant asserting that counsel was constitutionally deficient must show that the attorney's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2068 (1984).

Petitioner claims that his counsel was ineffective for failing to file a direct appeal despite the fact that Petitioner signed a plea agreement in which he waived the right to appeal a sentence over 120 months. In Campusano v. United States, 442 F.3d 770 (2d Cir. 2006), the Second Circuit held that a petitioner may have been ineffectively assisted by counsel by failing to file an appeal upon a timely request even where the petitioner expressly waived his right to appeal. Where an attorney "disregards specific instructions from the defendant to file a notice

---

¹Wall v. United States, 2008 WL 3049948 at *1 (N.D.N.Y. Aug. 1. 2008) ("'[C]laims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver because ... [they] relate[ ] only to the performance of defendant's attorney with respect to sentencing and [do] not go to the validity of the plea agreement itself.'") (citation omitted alterations in original); Chen v. United States, 06 Civ. 7159, 02 Cr. 1039, 2007 WL 4358466, at *4 (S.D.N.Y. Dec. 7, 2007).

of appeal [the attorney] acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). However, "[a]t the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Id at 477.  Here, Petitioner did not timely request that an appeal be filed. Rather, he agreed, after consultation with his attorney not to file an appeal. Because Petitioner has, for reasons to be discussed, neither alleged nor presented any evidence that he timely asked his counsel to appeal, or asserted any grounds that the advice he received from his attorney concerning the decision to appeal was constitutionally deficient, it cannot be said that counsel's performance was objectively unreasonable or that there was prejudice.

It is well settled that a petitioner in a § 2255 motion bears the burden of proof by a preponderance of the evidence. Triana v. United States, 205 F.3d 36, 40 (2d Cir. 1978). Notwithstanding petitioner's valid plea agreement, Petitioner contends that his reliance on his counsel's advice not to appeal is reason to address his substantive due process claims. Petitioner's counsel reviewed the matter, consulted with Petitioner, and determined that there were no appealable issues. Petitioner has not met his burden of demonstrating that his sentencing counsel acted unreasonably in advising that there were no appealable issues.

Petitioner contends that, had his counsel challenged the applicable sentencing guidelines (or appealed them), he would have received an even lower, below guideline sentence. The Sentencing Guidelines are no longer mandatory. United States v. Booker, 543 U.S. 220, 260-61, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  The Sentencing Reform Act "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including 'to reflect the seriousness of

the offense,' 'to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.' " Kimbrough v. United States, 552 U.S. at 85, (U.S. 2007); see also 18 U.S.C. § 3553(a).

Petitioner's attorney filed a lengthy substantive sentencing memorandum effectively advocating on petitioner's behalf.[2] Counsel submitted letters from Petitioner's family, friends, and co-workers. Counsel employed a preeminent psychiatrist who specialized in sex offender diagnosis and treatment and who conducted an exhaustive personal history and an equally exhaustive battery of tests. Sentencing counsel attempted to distinguish Petitioner's case from two others in this district and to emphasize the differences between state and federal penalties. These acts by counsel were reasonable for Sixth Amendment purposes.

In any event, no objection to the applicable advisory sentencing guidelines would have changed Petitioner's sentence.[3] Petitioner's counsel adequately presented, and this Court considered, Petitioner's risk of recidivism and other unique factors warranting a lesser sentence. The Court took into account Petitioner's rehabilitative efforts when imposing his below guidelines sentence. Any claimed misapprehension of fact was not determinative to Petitioner's sentence. It was the nature of Petitioner's crime (to which he admitted) and consideration of the factors listed in § 3553(a) that drove the sentence imposed.

---

[2] See Docket No. 52.

[3] See U.S. v. Huffstatler, 571 F.3d 620 (7th Cir. Jun. 30, 2009) (The Seventh Circuit held that even if Sentencing Guidelines for crimes involving sexual exploitation of minors were crafted without benefit of the Sentencing Commission's usual empirical study, such fact did not render such guidelines invalid, and a sentence above guidelines was not unreasonable. The sentencing judge correctly calculated the guidelines range and then reviewed the § 3553(a) factors--including recidivism, deterrence, seriousness of the crime, and time for treatment--in some detail before announcing that a longer sentence was justified).

Further, contrary to Petitioner's contention, there was ample evidence suggesting a risk of recidivism. Petitioner misapprehends the risks posed by the viewing of child pornography. Even accepting Petitioner's argument that he is not likely to act out on his desires by engaging in sexual conduct with a minor, he has demonstrated a clear proclivity for possessing and viewing child pornography. Petitioner paid eighty dollars for a twenty day subscription to a website titled "Illegal CP." Petitioner downloaded video and images depicting prepubescent females being subjected to sadistic or masochistic conduct. Petitioner destroyed a laptop computer before it could be viewed by authorities. These facts support the Court's conclusion that Petitioner suffered from a "bad problem" and posed "a potential for problems to other people in the future." Significantly, the possession, downloading, and viewing of child pornography has been recognized to cause significant harm to the public. See United States v. Olhovsky, 562 F.3d 530, 552 (3d Cir. 2009) ("It has often been stated that possession and distribution of child pornography are very serious crimes that have a terrible impact on real victims."); United States v. White, 506 F.3d 635, 650 (8th Cir. 2007); United States v. Joyce, 357 F.3d 921, 930 (9th Cir. 2004) (Gould, J., dissenting) ("We must recognize that the possession of child pornography, even by one who is not a purveyor, is harmful to child victims because it facilitates the illicit demand that leads to the exploitation and degradation of children for the benefit of child pornographers and those to whom they cater."). Regardless of whether Petitioner was likely to engage in sexual conduct with a minor, the possession and viewing of child pornography substantially contributes to the victimization of children.

Moreover, counsel obtained a below-guidelines sentence for Petitioner. The Court considered the findings and conclusions of Petitioner's mental health experts, the evidence of Petitioner's crimes, the evidence concerning the destruction of the laptop, and the factors set

forth in § 3553 in imposing a sentence of 72 months.  Having reviewed Petitioner's current submissions, the Court does not feel that Petitioner's additional studies concerning the risk of recidivism or any of his other claims warrant a lesser sentence.  Accordingly the failure to raise these issues was not prejudicial.  The Court found, and continues to find, that 72 months is an appropriate sentence.

### III.    CONCLUSION

For the foregoing reasons, the Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.  Petitioner's motions to seal (dkt. no. 77), to file an extended brief (dkt. nos. 77, 79), and to file a late brief (dkt. nos. 77, 79 and 81) are granted.[4]   Pursuant to 28 U.S.C. § 2253(2), a certificate of appealability is denied because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED
Dated: November 2, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[4] The Court considered all of Petitioner's filings in connection with his petition.